# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRESTON D. ALLEN,

                  Petitioner,

v.

UNITED STATES OF AMERICA,

                  Respondent.

Case No. 17-CV-753-JPS
Criminal Case No. 15-CR-229-JPS

**ORDER**

Petitioner Preston D. Allen ("Allen") pled guilty to a single count of distributing crack cocaine. *See United States v. Preston Allen*, Case No. 15-CR-229 (E.D. Wis.) (Judgment, Docket #23). On June 3, 2016, the Court sentenced Allen to a term of 60 months' imprisonment. *Id.* Allen did not appeal. On May 30, 2017, Allen filed a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255. (Docket #1).[1] That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings.

---

[1] Allen also filed a motion for leave to proceed *in forma pauperis*. (Docket #2). However, there is no fee to initiate 28 U.S.C. § 2255 proceedings, and so that motion is not necessary. The Court will, therefore, deny it as moot.

Allen's motion advances a single ground for relief. At sentencing, his offense level was enhanced by two levels because he possessed a firearm while committing the drug offense for which he was charged. Case No. 15-CR-229, (Revised Presentence Investigation Report, Docket #19; Sentencing Hearing Minutes, Docket #22). Allen believes that this was based on a pending state charge for firearm possession. (Docket #1 at 6-7). That charge was later dismissed. *Id.* Allen contends that the state prosecutor's dismissal of the charge "makes me factually innocent of the possession of a firearm," and that the enhancement is therefore improper. *Id.* at 7.

The Court need not address the obvious procedural failing in Allen's motion—he never appealed his sentence—because it is based on an erroneous factual assumption. The Court's imposition of the firearm enhancement was not based on the pending state charge. As the presentence report in his criminal case explained, multiple confidential informants saw Allen carrying a gun while distributing crack cocaine. Case No. 15-CR-229, (Docket #19 at ¶¶ 10, 13, 16, 19). These facts, and not any state prosecution, are what laid the foundation for the firearm enhancement. *Id.* ¶ 27. Further, Plaintiff is incorrect that the mere dismissal of the state charge "makes [him] factually innocent" of possessing a firearm. A prosecution may be dismissed for a host of reasons having nothing to do with the accused's guilt or lack thereof. Even acquittal at trial does not prove innocence; it merely reflects an inability to establish guilt beyond a reasonable doubt. *Pulungan v. United States*, 722 F.3d 983, 985 (7th Cir.

2013).² It is plain that Allen is not entitled to relief, and so his motion must be dismissed.

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Allen must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). As the Court discussed above, no reasonable jurists could debate whether Allen's motion stated a cognizable claim under Section 2255 because its only ground for relief was based on a demonstrably false assumption. As a consequence, the Court is compelled to deny a certificate of appealability as to Allen's motion.

Finally, the Court closes with some information about the actions that Allen may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry

---

²Allen's state case included charges for battery and recklessly endangering safety, as well as being a felon in possession of a firearm. *See State of Wisconsin v. Preston Donnell Allen Jr.*, 2015-CF-4785, Milwaukee County Circuit Court, *available at*: https://wcca.wicourts.gov/. The publicly-available court records indicate that his case was dismissed without prejudice in light of this Court's sentence and because the alleged victim of Allen's crimes refused to cooperate in the prosecution. *Id.*, Court Record Events, June 20, 2016. This gives no basis to infer that the dismissal was based on Allen's actual innocence of firearm possession.

of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 2nd day of June, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge