# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

PRESTON D. ALLEN,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

Case No. 17-CV-753-JPS
Criminal Case No. 15-CR-229-JPS

**ORDER**

On June 2, 2017, the Court dismissed Petitioner Preston D. Allen's ("Allen") motion to vacate his sentence. (Docket #3 and #4). On June 15, 2017, Allen moved the Court to reconsider that ruling. (Docket #5). Allen asserts that his motion is made pursuant to Federal Rule of Civil Procedure ("FRCP") 59(e). "A Rule 59(e) motion will be successful," the Court of Appeals holds, "only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 953 (7th Cir. 2013) (quotation omitted). FRCP 59(e) "certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000).

As noted in the order dismissing this action, Allen's motion presented only one ground for relief. (Docket #3). Allen contended that he was "factually innocent" of a state firearms charge, thus removing the basis for the sentencing guideline enhancement applied to him at sentencing.

(Docket #1 at 6-7). As the Court explained, no matter what happened to the state charge, the enhancement was properly applied. (Docket #3 at 2).

Allen's motion for reconsideration states that he "presented the wrong argument" in his motion. (Docket #5). He claims that he meant to allege ineffectiveness on the part of his counsel. *Id.* This argument is not the proper subject for reconsideration under FRCP 59(e). Allen's motion supplies not even a hint of an ineffectiveness claim. *See generally* (Docket #1). The Court denied Allen's motion on the sole ground he presented on its merits and with prejudice. Allen does not show how, in doing so, the Court misapplied or ignored precedent, or how new evidence precludes judgment in this matter. The motion for reconsideration must, therefore, be denied.

Accordingly,

**IT IS ORDERED** that Petitioner's motion for reconsideration (Docket #5) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of June, 2017.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge